## CIRCUIT COURT OF ACCOMACK COUNTY

Robert Davis

v.

Helen Shirley Davis

September 16, 1992

Case No. (Chancery) 91CH172

BY JUDGE GLEN A. TYLER

Although the files maintained in the Clerk's Office of this Court in this case were somewhat confusing as a result of the filing of pleadings in this suit and in another chancery suit regarding property between these same parties, it is understood by the parties and accepted by the Court that this is a suit for divorce from the bonds of matrimony on the grounds that the parties have lived separate and apart for more than one year. The pertinent pleadings are the cross-bill filed by the Defendant, Helen Shirley Davis, (the bill of complaint of the Plaintiff having been nonsuited), and the answer to the cross-bill filed by the Plaintiff, Robert Davis.

The Defendant alleges, as is required in any divorce suit, that the parties are husband and wife. The Plaintiff disputes that there was any valid marriage. The facts are clear, and the Court finds that the parties had a marriage ceremony on February 11, 1985, conducted by the Reverend Benjamin F. Burton of the Shiloh Baptist Church, which Church is located in Accomack County, Virginia, and the marriage ceremony occurred at the home of the parties where they had lived together for many years in the Village of Atlantic in Accomack County, Virginia. However, the marriage license was obtained in the Town of Snow Hill in Worcester County, Maryland, having been issued on February 7, 1985, as a result of an application therefor on February 4, 1985, and the license was returned to Maryland. Neither

of the parties was a resident of Maryland. The certificate of marriage was filled in incorrectly to show that the marriage ceremony took place in Pocomoke City, Maryland, when in fact the ceremony had occurred in Virginia, as testified to by both parties and the minister.

The issue is whether or not in Virginia a valid marriage arises from a marriage ceremony performed by a duly qualified minister in Virginia pursuant to a license lawfully issued in and returned to another state. The court finds that the parties are not married because the marriage in this Commonwealth was not under a license and solemnized *in the manner* provided in the Code of Virginia. Va. Code Ann. § 20–13. Every license for a marriage in this Commonwealth shall be issued in this Commonwealth. Va. Code Ann. §§ 20–14 and 20–20. The statutory requirements regarding marriage procedure are mandatory rather than directory in Virginia.

Counsel informed the Court that they found no case in Virginia decided on the facts presented in this case. While a majority of states have marriage statutes which are directory (Annotation, 61 A.L.R.2d 847) in a few states, including Virginia, statutes requiring marriage licenses are couched in mandatory terms, and in such states, noncompliance with such statutes results in a void marriage. 52 Am. Jur. 2d *Marriage* § 38. In a West Virginia case, *Kisla v. Kisla*, 19 S.E.2d 609 (W. Va. 1942), the facts are almost identical to those in this case. And in West Virginia, the Courts have construed their statutes to be mandatory. Indeed, the West Virginia statute is almost identical to Virginia's § 20–13. In *Kisla*, the Court held that under such facts, the parties do not attain the legal status of husband and wife, and the attempted marriage is void.

Accordingly, in this case, a divorce cannot be granted because Helen Shirley Davis and Robert Davis were never married.